ADDISON,
January,
1835.

### JAMES WILDS vs. JOSEPH BLANCHARD.

A log coal-pit, on fire, and partly burned, is incapable of attachment.

This was an action of trespass for two thousand bushels of char-
coal, taken by the defendant. On the trial it appeared, that the
plaintiff, as constable, on the 9th day of January, 1834, had for
service two writs of attachment against Hyman Holcomb and one
against O. Holcomb, by virtue of which the plaintiff attached a
quantity of coal. It was in a log pit, about half burned, owned
and in the possession of said Holcombs. The plaintiff left attested
copies of said attachments in the town clerk's office, according to
law. It appeared that the plaintiff directed said Holcombs to take
charge of said burning coal-pit *through that night*, and he never
took any further charge or care of it. It was conceded, that the
whole would have been consumed and lost, but that the said Hol-
combs afterwards continued their care, completed the work, keeled
out the coal and sold a part, and the defendant assisted in procuring
part of said coal to be drawn away and sold; though he had no-
tice of the plaintiff's claim. Said writs of attachment were duly
returned, and proceeded to judgment.

The court decided, that inasmuch as said coal-pit was but half
burned down, and as the plaintiff left the care of said coal to said
Holcombs, and they remained in possession and did sell and dis-
pose of the same, and did permit the defendant to carry away the
same, this suit could not be sustained, and therefore charged the
jury to return a verdict for the defendant. To which decision the
plaintiff excepted, and the cause passed to this court for revision.

*Needham and Bradley for plaintiff.*—By a statute law of this
state, passed November 2, 1826, (laws of 1826, p. 3,) it is en-

acted, that when charcoal is attached, the officer serving the process shall or may leave a copy of said process in the town clerk's office in the town where said coal is situated, and it shall hold the property as effectually as if the same had been taken into the possession of said officer, which said copy was so left in this case by Wilds, the officer, and plaintiff in this case.

ADDISON,
January,
1835.
———
Wilds
vs.
Blanchard.

But it is contended by the defendant in this case, that the coal or pit was left in the care of the defendants in said suit, and they were there attending to the pit in the progress of burning, and that they consented to the said Blanchard's taking said coal; and therefore the plaintiff was guilty of a fraud in law, by which he lost his lien and the pit. ·

To this the plaintiff says in answer, that it could not have this effect in this case, as the defendant had knowledge of the existence of the plaintiff's attachments and lien on said coal, and it was necessary that some person of skill in coaling should constantly attend to said coal and pit, or it would shortly have been consumed and lost; and as every man is not a coaler, it might be difficult, as it was in this case, to procure a proper person to seasonably attend and prevent the ruin of the said property.

*Linsley and Chipman for defendant.*—The property attached by the officer was not subject to attachment, because it could not be re-delivered to the debtor in the same state it was in when attached. It was undergoing the process of conversion from wood to coal, and required that a large amount of labor should be expended before the process could be completed.

If the officer had left it, in the situation it was when attached, it would have been wholly destroyed; and he was not authorized to convert the article attached into a different thing by a manufacturing process.

The officer has only power to take the thing attached, to be kept in the same state it was in when taken, to await the termination of the suit. This is the extent of his authority. He cannot set up as a manufacturer of the property. He can neither tan hides, burn bricks, or make coal.

He can do nothing with the property, except to keep it, without the consent of the debtor; and if he obtained his consent, he would be acting under an authority derived from the debtor, and not by virtue of his process.

As the statute is silent on the subject under consideration, we must resort to the common law for our guide; and it is a funda-

<div style="margin-left:margin">
ADDISON,
January,
1835.

Wilds
vs.
Blanchard.
</div>

mental principle in relation to distraining, that nothing can be dis-- trained except what may be returned in the same plight to the debtor.—*Leavitt* vs. *Holcomb,* 5 Vt. Rep. 405. *Bond* vs. *Wood,* 7 Mass. Rep. 128–9. Cro. Eliz. 783.

2. The officer's leaving the coal pit in the possession of the Holcombs was a waiver of any lien he might have acquired by the attachment.

It is true the statute protects the lien in certain cases, when a copy is left with the town clerk. But all such attachments apply to cases where no actual and visible possession of the property is necessary for its preservation.

But surely the officer cannot put the debtor in actual possession and have him use the property under him, and then bring trespass against any one, who, finding the original owner in possession of the property deals with him as the true owner.

If it be a fraud in law for a *bona fide* purchaser of property to leave it in the possession of the original owner, it must be equally so for an officer who attaches property to leave it in the hands of the debtor.—*Tainter* vs. *Williams,* 7 Cow. 271.

The opinion of the court was delivered by

COLLAMER, J.—Was the property in its then condition suscep- tible of attachment? This question is not disposed of by the stat-- ute which permits an officer attaching charcoal to leave a copy in the town clerk's office, which it is declared shall be effectual to se-- cure the same against subsequent purchases or attachments. That statute only regulates or provides a *mode or method* of attachment; it creates no new subject matter, for it expressly provides the offi- cer may remove the property. The question still returns, in what condition is property subject to attachment?

It is not law that every thing subject to decay is exempt from attachment, for all things decay. Nor are all those things which, left to themselves, would become useless, exempt; for cattle would starve. Nor are all things which are in progress of manufacture exempt, as in case of distress, for the benefit of trade; for if arti- cles of value could be taken without injury and kept without skill, as shoes cut out, wool carded, or chairs unpainted, they may be attached. Neither are we confined in our attachment simply to the objects of common law distress. That was to compel appear- ance, ours is to respond judgment. It follows that the property must have value for such a purpose, and be capable of actual pos-- session. But in this case it is obvious, the property was no more

ADDISON,
January,
1835.

Wilds
vs.
Blanchard.

coal than wood, was incapable of actual possession then as coal, and required labor and skill to make coal.

It may safely be asserted, if property is so in the process of manufacture and transition as to be rendered useless or nearly so by having that process arrested, and requiring art, skill and care to finish, and when completed will be a different thing, then it is not subject to attachment. Such is a baker's dough, the materials in the crucibles in the process of fusion in a glass factory, the burning ware in a potter's oven, a burning brick kiln, or a burning pit of charcoal. The officer cannot be compelled to attach, as he should have the right of removal, nor is he bound to turn artist, or conduct by himself or agent such process, and be responsible to both parties for its successful result.

But if the officer actually enters upon such a service, and the owners of the property actually submit to it, others must not interfere. Was this case so? It appears that the plaintiff did no more than to tell the owners to take charge for that night, and he then abandoned it anddid no more. The owners proceeded with their pit, as if nothing had been done, otherwise all would have been lost. The owners did not submit to the attachment, but continued their possession, care and control.

Judgment of county court affirmed.